UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN EADS, | Case No. 1:04-cv-444 |
| Plaintiff, | Magistrate Judge Timothy S. Black |
| vs. | |
| THE CINERGY CORP., *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Plaintiff John Eads initiated this action on June 9, 2004, by filing a complaint against Cinergy Corporation ("Cinergy"), Cincinnati Gas and Electric ("CG&E"), and the International Brotherhood of Electrical Workers, Local 1347 (Local 1347), alleging age discrimination, wrongful termination, and breach of contract.  (Doc. 1, Ex. 1.)  On July 4, 2004, Defendants removed the case to this Court.  (Doc. 1.)

The case is now before the Court on Local 1347's motion for summary judgment (doc. 33),[1] Cinergy and CG&E's motion for summary judgment (doc. 34), and the parties' responsive memoranda (docs. 43, 44, 50, 51).[2]  The parties have consented to disposition by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (*See* Doc. 45.)

---

[1] Local 1347's motion is supported by Plaintiff's deposition transcripts and the Affidavit of Steven Feldhaus ("Feldhaus Aff.").

[2] Cinergy and CG&E motion is supported by Plaintiff's deposition transcripts, as well as the Affidavits of Richard Beach ("Beach Aff."), Jim O'Connor ("O'Connor Aff."), Tim Thiemann ("Thiemann Aff."), Mark Smith ("Smith Aff."), Dr. Stephen Moffatt ("Moffatt Aff"), Dr. David Green ("Green Aff."), Dr. Steven Bell ("Bell Aff."), Chris Vest ("Vest Aff."), and Iris Posey ("Posey Aff.").  Additionally, Plaintiff's memorandum *contra* is supported by the Affidavits of Plaintiff (Eads Aff."), Plaintiff's wife ("Monica Eads Aff."), and Greg Ogden ("Ogden Aff.").

## BACKGROUND AND PROCEDURAL POSTURE

Plaintiff was hired by CG&E[3] on or about March 19, 1979 as a janitor at its Miami Fort Generating Station. (Eads Dep. at 22-24.) Plaintiff received several promotions and held a number of position at Miami Fort. From April 1, 1998, until his discharge on September 8, 2003, Plaintiff held the position of Material Services Team Member. (*Id*. at 31-32, 48-50, 51, 57-59, 63-64, 68-70, 85-89, 92-94.) Plaintiff was a member of the labor union, Local 1347, from the time of his initial employment to the date of his discharge. (*Id*. at 28.)

CG&E employees who work at its power generating stations, such as Miami Fort, are subject to certain federal Department of Transportation ("DOT") workplace drug and alcohol testing regulations, as well as CG&E drug policies and procedures. (Burck Aff., ¶¶ 1-10; Ex. A-F.) On May 29, 2001, Plaintiff tested positive for cocaine during a random DOT test. Pursuant to CG&E procedure regarding Coast Guard/DOT drug testing, Plaintiff received at 14-day suspension, was subject to follow-up drug testing for 60 months from the date of his positive drug test, and was notified that a positive drug test in the future would result in discharge.

Plaintiff, however, denies that he used cocaine, and he blames his positive test result on his use of Oragel, thereby asserting that the test result was a "false positive." Plaintiff did not originally challenge his positive drug test and/or 14-day suspension,

---

[3] CG&E is a wholly-owned subsidiary of Cinergy, a public utility holding company. Plaintiff was never employed by Cinergy, which does not employ personnel. (O'Conner Aff. ¶ 1-3.)

however, and he returned to work after the suspension.

Plaintiff was tested again on October 24, 2002, and the results were negative. Plaintiff was not tested in the second or third years of probation.

Plaintiff asserts further that in August 2003, he was harassed by two employees, Jim Racke and Jeff Fiess. According to Plaintiff, Racke wanted Plaintiff to run his conveyors for him, and after he declined, he was "taunted and goaded" because "they wanted Plaintiff to replace Racke at his job for an unexplained reason." (Doc. 43.) Fiess and Racke continued to pester Plaintiff on August 27, 28, and 29, 2003 about "why [plaintiff] didn't want to go up [on the conveyers.]" (Doc. 17, ¶ 11.) On the third day of teasing, Plaintiff complained to his supervisor, Mark Smith ("Smith"). After Plaintiff complained, the teasing ceased. (Eads Dep. at 121-28; Smith Aff.)

When Plaintiff arrived at work on September 3, 2003, he was met by Smith and instructed to go to Bethesda Care Queensgate (Bethesda Care) for follow-up drug testing. The CG&E handbook provided that an employee required to have a drug test is to be driven to the designated facility by his supervisor or Company designee. (Eads Dep. Ex. 20). However, Plaintiff drove himself to Bethesda Care for the drug test.

Plaintiff tested positive for marijuana. On September 5, 2003, the Medical Review Officer at Midwest Toxicology notified Plaintiff of his positive test results. Plaintiff's supervisor, Smith, then notified Plaintiff that he was suspended indefinitely. Subsequently, at a meeting held on September 8, 2003, Tim Thiemann, Smith's supervisor, told Plaintiff he was terminated as a result of his second positive drug test.

Plaintiff's termination was also confirmed in writing by letter dated September 9, 2003. (Eads Dep., Vol 2, Ex. 27.)

Plaintiff asserts, however, that his positive test was the result of inhaling secondary smoke from his wife, a daily marijuana smoker. (Eads Dep. at ¶ 31; Monica Eads Dep at ¶¶ 3-11.)

On March 4, 2004, Plaintiff filed a charge of discrimination against Cinergy with the Ohio Civil Rights Commission ("OCRC") and with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was forced to take a drug test because of his age.

After receiving his right to sue letters, Plaintiff initiated this action on October 9, 2004, in the Hamilton County Court of Common Pleas. (Doc. 1, Ex.1). The action was removed to this Court (*see* doc. 1), and an amended complaint was filed on December 1, 2004. (Doc. 17.)

Plaintiff's amended complaint alleges that he was discriminated against based on age in violation of Ohio Revised Code Chapter 4112, *et seq*., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 623, *et seq*. Plaintiff further alleges wrongful termination in violation of Ohio public policy and breach of contract/breach of the duty of fair representation in violation of Section 301 of the National Labor Relations Act, 29 U.S.C.§ 185(a).

## STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505 (1986).

## DISCUSSION

Defendants maintain that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law.  The Court agrees, and for the reasons that follow, finds that Defendants' motions are well-taken.

   *I.*  *Cinergy and CG&E's Motion for Summary Judgment (Doc. 34)*

Plaintiff asserts that CG&E is liable for age discrimination, wrongful termination, and breach of contract, arising out of his discharge.  Each assertion will be addressed in turn.

### A. Age Discrimination

In order to prevail on his age discrimination claim under Title VII,[4] Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by a preponderance of the evidence. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Simon v. City of Youngstown,* 73 F.3d 68, 70 (6th Cir. 1996). In order to make this showing, a plaintiff must demonstrate: (1) that he was in a protected class; (2) that he was qualified for the job that he held during the time in question; (3) that he suffered an adverse employment action; and (4) that he was replaced by a substantially younger employee. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003).

Once a *prima facie* case is established, the burden of producing some non-discriminatory reason falls upon the defendant. *Williams v. Nashville Network,* 132 F.3d 1123, 1131 (6th Cir.1997). If the defendant demonstrates such, the plaintiff then assumes the burden of showing that the reasons given by the defendant are merely a pretext. *DiCarlo v. Potter,* 358 F.3d 408, 420 (6th Cir. 2004).

Here, Defendants concede that Plaintiff clearly satisfies the first and third elements of his *prima facie* case. While Defendants do dispute that Plaintiff was qualified for his position in light of his failed drug test, Defendants assert further, however, that a such dispute is immaterial for purposes of summary judgment because Plaintiff cannot satisfy the fourth element of his *prima facie* case -- that he was replaced by a substantially

---

[4] Age discrimination cases under the ADEA are analyzed under the same framework as employment discrimination cases under Title VII. *Policastro v. Northwest Airlines, Inc.,* 297 F.3d 535, 538 (6th Cir.2002) (citing *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992)).

younger employee.[5]

Plaintiff asserts that he was replaced by Sean Ochs, who is in his mid-twenties, and the son of a co-worker, Terry Ochs. In support of this contention, Plaintiff attached the affidavit of Greg Ogden, a former co-worker of Plaintiff's at Miami Fort. (Doc. 44, Ex. Aff. Ogden.) Ogden's affidavit, however, states that Sean Ochs "was hired through a company *Utter Construction*, and performed conveyer operator duties." *Id*. at ¶ 7 (emphasis added).

Moreover, in his deposition, Plaintiff admitted that he had no idea whether he was actually replaced by CG&E after his discharge. (Eads Dep. Vol. II, 25-26, 86-91.) Plaintiff also admitted that Ochs was actually employed by an outside construction company, not by CG&E.

Furthermore, CG&E maintains that Plaintiff was not replaced after his discharge in 2003, and that the Company used, and continues to use, existing employees to perform the work that Plaintiff did prior to his discharge. (Thiemann Aff., ¶¶ 5-6.) As noted by CG&E, an employee is not replaced when "another employee is assigned to perform the [employee's] duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work." *See Grosjean v. First Energy*

---

[5] Plaintiff's charges of discrimination were filed only against Cinergy and not CG&E. Thus, Plaintiff failed to exhaust his administrative remedies with respect to CG&E. *See* 2000e-5(e)(1); *see also Hoover v. Timken,* Co. 30 Fed.Appx. 511, 513 (6th Cir.2002) (To exhaust administrative remedies under the ADEA, a plaintiff must file an EEOC charge within 180 days of the alleged discrimination (or with the state agency within 300 days)). In any event, as noted below, Plaintiff fails to establish a *prima facie* case of age discrimination.

*Corp.*, 349 F.3d 332, 335-36 (6th Cir. 2003).

Accordingly, the undersigned agrees that Plaintiff has failed to show that CG&E replaced him replaced with a substantially younger employee. Plaintiff, therefore, has failed to establish the fourth element of his *prima facie* case.[6]

Moreover, even if Plaintiff could establish a *prima facie* case of age discrimination, CG&E has articulated a legitimate non-discriminatory reason for Plaintiff's termination (*i.e.,* Plaintiff's second failed drug test in violation of Company policy), and Plaintiff has failed to provide any evidence that would establish pretext.[7]

However, despite his failed drug tests, Plaintiff asserts that CG&E cannot prove that his off-site alleged inhalation of secondary smoke interfered with his on-site job performance, and, therefore, that his termination was contrary to company policy and was a mere pretext to replace him with a younger worker. (Doc. 44 at 18.)

In response, however, Defendants note that Plaintiff was terminated for failing a second drug test, in violation of his last chance letter of June, 25, 2001, and that CG&E's

---

[6] Plaintiff could satisfy the fourth element of his *prima facie* case under Ohio Revised Code § 4112.14 by demonstrating that his discharged permitted the retention of substantially younger employees. To make that showing, however, Plaintiff must establish that comparable, substantially younger employees were treated more favorably than him. *Majewski v. Automatic Date Processing, Inc*., 271 F.3d 1106, 115-16 (6th Cir. 2001). Here, Plaintiff offers no evidence suggesting that any employees were treated more favorably by CG&E than he was.

[7] Besides testing positive for marijuana on September 3, 2003, Plaintiff also attempted to obstruct the collection process at Bethesda Care. Specifically, Bethesda Care observed Plaintiff trying to substitute a specimen that was not his own, and confiscated a zip lock baggie of liquid. Pursuant to Federal guidelines, a new collection process was initiated and witnessed by a male drug screen collector to obtain the specimen that was ultimately tested, analyzed, and determined to be positive for marijuana. Thus, while Plaintiff's second positive drug test was grounds for and reason for his termination, his attempt to substitute a specimen during the collection process was also a separate ground for immediate discharge. (Posey Aff. ¶¶ 1-5, Ex. A, Vest Aff. ¶¶ 1-8; Ex. A, B; Burck Aff. ¶ 23; Eads Dep. Vol II at 33-34.)

clear policy and practice was and is to terminate employees who fail two drug tests. (Thiemann Aff., ¶ 4; Burck Aff., ¶ 22, Eads Dep. Vol I. Ex. 22.) Thus, contrary to Plaintiff's assertion, he was not discharged for violating CG&E's policy regarding off-duty illegal activities.

Accordingly, based on all of the foregoing, the Court finds that Defendants are entitled to judgment as a matter of law with respect to Plaintiff's age discrimination claims.

### B. *Wrongful Termination*

Plaintiff also asserts a claim for wrongful discharge in violation of Ohio public policy based upon his age discrimination claim. However, such public policy claims are only available to employees whose employment is not governed by an employment contract. *Haynes v. Zoological Soc. of Cincinnati,* 73 Ohio St.3d 254, 652 N.E.2d 948 (Ohio 1995) (Employee who is union member could not bring wrongful discharge suit based on alleged violation of public policy because union member was not employee-at-will.)

As noted above, Plaintiff's employment was by the collective bargaining agreement between CG&E and the union. Moreover, Plaintiff's assertion that Defendants discriminated against him because of his age is unsupported by the evidence of record. Thus, Plaintiff's claim for violation of Ohio's public policy fails.

### C. *Breach of Contract*

Pursuant to Section 301 of the National Labor Relations Act, federal district courts

are vested with jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). These "hybrid 301" actions require an employee to demonstrate that the employer violated the collective bargaining agreement <u>and</u> that the union breached its duty to fair representation to the employee with respect to that alleged violation. *Vaca v. Sipes*, 386 U.S. 171, 186 (1967); *Bagsby v. Lewis Bros. Of Tennessee*, 820 F.2d 799, 801 (6th Cir. 1987).

Plaintiff asserts that CG&E breached the collective bargaining agreement "by discriminating against him based on his age on the pretext of a drug charge." (Doc. 44 at 11.) Defendants assert, however, that Plaintiff cannot establish a breach of the CBA in any manner.[8] Moreover, Defendants further assert that Plaintiff's breach of contract claim is time-barred. *See Del Costello v. Teamsters*, 462 U.S. 151, 163 (1983) (Six-month statute of limitations for an employee to file an action for breach of contract against his employer and for breach of the duty of fair representation against his labor union). Each argument will be addressed in turn.

Plaintiff asserts that CG&E wrongfully terminated him in violation of three provisions of the CBA, *i.e.*, Article V, Section 18, and Article I, Section 9(d), and Article I, Section 8. Plaintiff's assertions are unsupported by any evidence, however.

Article V, Section 18 provides:

> The Company agrees to guarantee employment of not less than forty (40) hours per week for fifty-two (52) weeks of each year to employees covered

---

[8] Notably, Cinergy is not a party to the CBA, and, therefore, cannot be liable for its breach, if any.

> by this Agreement who are ready and available to work, and who are regular full-time employees of the Company, *provided nothing in this section shall be construed to prevent the Company from releasing employees because of lack of work or for other proper and legitimate reasons, as provided in for in Article I, Section 9*.

(Eads Dep. Vol I, Ex. 25) (emphasis added).

Article I, Section 9 of the CBA is a management rights clause which grants CG&E wide decision-making authority over the management of the Company (*i.e.*, "the right to hire, suspend, discharge, discipline, promote, demote, transfer and release employees because of lack of work or for other proper and legitimate reasons . . . .").

Here, the evidence establishes that CG&E had proper and legitimate reasons for terminating Plaintiff. As noted above, Plaintiff tested positive for cocaine and marijuana in violation federal regulations and CG&E policy.[9] Furthermore, Plaintiff has failed to show that Defendants breached the anti-discrimination clause, *i.e.*, Article I, Section 8 of the CBA. Moreover, as noted above, Plaintiff's assertion that Defendants discriminated against him because of his age is unsupported by the evidence of record.

Accordingly, Defendants are entitled to judgment as a matter of law with respect to Plaintiff's breach of contract claim.[10]

---

[9] Plaintiff also argues that CG&E violated its drug policy because he was not escorted to the testing facility and he was not subjected to the number of random tests as outlined in the policy. However, Plaintiff does not dispute the accuracy of the testing, and he admits that he was not harmed by any such violations. Such allegations do not establish that C&E violated the collective bargaining agreement.

[10] Additionally, it is undisputed that Plaintiff was discharged on September 8, 2003, and his complaint was not filed until June 9, 2004, nine months after the alleged breach of contract action accrued. Thus, the undersigned agrees that Plaintiff's hybrid claim was not filed within the 180-day filing period as mandated by §10(b) of the National Labor Relations Act. *See Del Costello*, 462 U.S. at 163.

-11-

> II.   *Local 1347's Motion for Summary Judgment (Doc. 33).*

Plaintiff alleges that Local 1347 breached its duty of fair representation by failing to grieve Plaintiff's termination. Local 1347, however, asserts that Plaintiff has not shown that CG&E violated any provision of the collective bargaining agreement in terminating his employment, nor that Local 1347 breached its duty of fair representation. Local 1347 further asserts that Plaintiff's claims against the union are outside the appropriate statute of limitation. Thus, Local 1347 maintains that it is entitled to judgment as a matter of law.

As noted above, Plaintiff must demonstrate that the CG&E violated the collective bargaining agreement and that the Local 1347 breached its duty of fair representation to Plaintiff with respect to that alleged violation. *Vaca v. Sipes*, 386 U.S. 171, 186 (1967); *Bagsby v. Lewis Bros. Of Tennessee*, 820 F.2d 799, 801 (6th Cir. 1987).

In a hybrid action, such as this one, before a union incurs any obligation to represent an employee as a possible grievant, there must first be a breach of the collective bargaining agreement by an employer. *Vencl v. Int'l Union of Operating Engineers Local 18*, 137 F.3d 420, 424, (6th Cir. 1998). Absent such a breach, Plaintiff cannot prevail on his hybrid § 301 claim against Local 1347. *See Bagsby*, 820 F.2d at 801. Here, therefore, Plaintiff's claim against Local 1347 fails, because Plaintiff has failed to show that CG&E violated the terms of the CBA.

Moreover, in any event, even assuming that Plaintiff could show a breach by CG&E, Plaintiff has not established that Local 1347 breached its duty of fair representation. A union does not have to process a grievance that it deems to lack merit,

-12-

as long as it makes that determination in good faith. *Williams v. Molpus*, 171 F.3d 360, 366-67 (6th Cir.1999). Thus, when a union decision not to pursue a grievance is based on its "reasonable and informed conclusion" that it "should not be pursued," the union does not breach its duty of fair representation. *Driver v. United States Postal Service*, 328 F.3d 863, 868-69 (6th Cir. 2003). Furthermore, to prove a breach of duty of fair representation in the context of grievance administration, Eads must prove that Local 1347's conduct toward Eads was arbitrary, discriminatory, or in bad faith. *Vaca*, 386 U.S. at 190. Moreover, indeed, when a union considers the merits of an employee's grievance and decides that it is not meritorious, an employee can only prevail by showing that the union's decision was made in bad faith. *Dill v. Greyhound Corp.*, 435 F.2d 231, 238 (6th Cir. 1970).

Here, Local 1347 decided not to grieve or arbitrate Plaintiff's dismissal only after investigating the facts, speaking to Plaintiff, union officials, management officials, and legal counsel. (Feldhaus Aff. ¶ 2-4.) Thus, Local 1347 concluded in the first instance that Plaintiff's contract claim was not meritorious. Moreover, Plaintiff's complaint does not allege bad faith on the part of Local 1347, nor does the complaint allege arbitrary or discriminatory conduct.

Accordingly, even assuming Plaintiff could establish a breach of contract claim against CG&E, he has not established that Local 1347 breached its duty of fair representation. Local 1347 is entitled, therefore, to entry of judgment as a matter of law.

## CONCLUSION

In sum, based on the evidence of record, the Court finds that there is no genuine issue of material fact for trial, and that the Defendants are entitled to judgment as a matter of law.  It is therefore **ORDERED** that Defendants' motions for summary judgment (docs. 33, 34) are **GRANTED**, and this case is **CLOSED**.

**DATE:**  September 29, 2006                             s/Timothy S. Black
                                                                                    Timothy S. Black
                                                                                    United States Magistrate Judge